Spanos, et al. v. City of New York, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand seventeen.

PRESENT: DENNIS JACOBS,
        SUSAN L. CARNEY,
                <u>Circuit Judges</u>,
        KATHERINE POLK FAILLA,
                <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - -X
Dimitrios Spanos, Proto Restoration
Construction, LLC,
        <u>Plaintiffs-Appellants</u>,

        -v.-                                    16-2141

City of New York, New York City
Department of Buildings, John Lee,
Aisha Norflett, Shanee Graham, John and
Jane Does 1-10,
        <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

---

* Judge Katherine Polk Failla of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLANTS:**                Christopher M. Slowik, Klein
                                   Slowik PLLC, New York, NY.


**FOR APPELLEES:**                Susan Paulson, Susan P. Greenberg,
                                   for Zachary W. Carter, Corporation
                                   Counsel of the City of New York, New
                                   York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Dimitrios Spanos and Proto Restoration Construction, LLC appeal from the final order of the district court (Swain, J.) dismissing all of their claims with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo the district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiffs' favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

For many years, Spanos held a Special Rigger's License, issued by the New York City Department of Buildings (the "Department"), which authorized him to "[i]nstall or use a suspended scaffold" and "[h]oist or lower any article not exceeding 2,000 pounds (907 kg) in weight on the outside of any building with a hoisting machine." NYC Admin. Code § 28-404.2(2). That license was set to expire on January 31, 2015. Spanos submitted an application to renew it on January 21, 2015 (notwithstanding the requirement that renewal applications "shall be made at least 30 calendar days but not more than 60 calendar days prior to the expiration date," id. § 28-401.12), but his application was incomplete. He submitted a complete application on February 3, 2015.

The Department of Buildings sent Spanos a letter dated

February 4, 2015, noting a misrepresentation on his application: he had indicated that he had not been convicted of any offense, but the Department's investigation revealed that in 2010 he had pleaded guilty to bribing a public official. The letter requested a new, corrected application, and additional information relating to his conviction. Spanos submitted (through counsel) the requested documents on February 19, 2015. By letter on March 25, 2015, the Department denied the application pursuant to its authority under § 28-401.12 of the NYC Administrative Code, citing his false statement, his conviction, and his poor moral character. See id. § 28-401.19(2), (12), and (13). Spanos challenged that denial (and lost) in a state proceeding under Article 78 of the New York Civil Practice Law and Rules.

Spanos does not now challenge the denial of his renewal application. Rather, he argues that the delay between the submission of his renewal application and its denial--which he characterizes as an "unlawful 'freeze,'" see, e.g., Appellant Br. 15--constitutes deprivation of procedural and substantive due process. The district court held that Spanos failed to plausibly plead an entitlement to a license, and therefore had no valid property interest in it; and that even if he had a valid property interest, the Article 78 proceeding provided post-deprivation process sufficient to satisfy constitutional requirements.

We need not reach those issues, nor do we reach appellee's argument concerning collateral estoppel, because Spanos's claims fail at a more basic level. His license was set to expire on January 31, 2015, and the NYC Administrative Code obligated him to file any renewal application at least 30 days before that date. See NYC Admin. Code § 28-401.12. His (incomplete) application was filed ten days before expiration, and the complete application was filed several days after the license had expired. Even if his renewal application had been granted, therefore, a gap during which his license was expired would have been created by his own failure to timely renew. He cites no authority for the proposition that the Department was obligated to process his application more quickly to minimize a gap he created. He may have preferred a more prompt denial, but he presents no persuasive argument that he was constitutionally

3

entitled to one.

Accordingly, and finding no merit in appellants' other arguments, we hereby **AFFIRM** the final order of the district court.

                                FOR THE COURT:
                                CATHERINE O'HAGAN WOLFE, CLERK